USCA1 Opinion

 

 November 10, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1688 EMMA RIVERA, Plaintiff, Appellant, v. PAUL MURPHY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Bownes, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Jennifer Petersen, with whom Andrew Stockwell-Alpert, was on __________________ ________________________ brief, for appellant. William J. Walsh, Assistant Corporation Counsel, with whom Albert ________________ ______ W. Wallis, Corporation Counsel, City of Boston, and Gerard A. Pugsley, _________ _________________ Assistant Corporation Counsel, City of Boston, were on brief, for appellee. ____________________ ____________________ BOWNES, Senior Circuit Judge. This appeal arises _____________________ out of an action brought by Emma Rivera against Paul Murphy, a Boston Police officer, for violations of 42 U.S.C. 1983, Mass. Gen. L. ch. 12, 11I, and for state law tort claims, including: assault and battery; false arrest; false imprisonment; malicious prosecution; intentional infliction of emotional distress; and, negligence. Rivera alleged she suffered physical and emotional injuries when Murphy subjected her to a warrantless arrest for possession of cocaine in violation of Mass. Gen. L. ch. 94C, 34. Murphy moved for summary judgment on the ground that he was entitled to qualified immunity because he had probable cause to make the arrest from which the alleged violations and torts arose. Anderson v. Creighton, 483 U.S. 635 (1987); Malley v. Briggs, ________ _________ ______ ______ 475 U.S. 335 (1986); Harlow v. Fitzgerald, 457 U.S. 800 ______ __________ (1982). The district court granted the motion for summary judgment as to the 1983 claim and six of the seven pendent state law claims. Rivera appeals this ruling and has asked us to find that Murphy was not entitled to qualified immunity because he lacked probable cause to arrest her, and that, in any event, the district court should have dismissed without prejudice, rather than granted summary judgment on, the pendent state law claims. We agree with Rivera. We reverse and remand the case to the district court. I I Standard of Review Standard of Review __________________ Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Prokey v. Watkins, 942 F.2d 67, 72 ___ ____ ______ _______ (1st Cir. 1991). This court's review of a district court's grant of summary judgment is plenary. Hoffman v. Reali, _______ _____ No. 91-1703, slip op. at 9 (1st Cir. August 27, 1992); Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 352 (1st Cir. _______________ _____________ 1992); Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. ___________ _____ 1990). On appeal, as below, we must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115. In the absence of a ___________ dispute over the underlying material facts, a defendant's entitlement to qualified immunity is a question of law and is reserved for plenary review by this court. Hoffman, slip op. _______ at 9 (citations omitted). We begin by setting out the facts of this case in the light most favorable to Rivera. II II Facts Facts _____ On the evening of October 25, 1988, Rivera was double-parked in downtown Boston. A man known to her as -3- Torres said "hi" as he walked past her on the sidewalk, approximately ten feet from the car in which she was sitting. Rivera responded in kind, at which point their conversation terminated. Torres never came within ten feet of Rivera. Moments later, an unmarked police car stopped behind Rivera's vehicle. Paul Murphy, a plainclothes Boston police officer, stopped Torres, searched him, and placed him under arrest. Officer Murphy subsequently approached Rivera and asked that she get out of the car. Rivera complied without objection or resistance. Murphy then instructed Rivera to turn around. Again, Rivera complied. She was handcuffed and placed under arrest. In handcuffing Rivera, Officer Murphy tightened the handcuffs to a degree that caused her pain. After a police cruiser arrived at the scene, Rivera was taken to the police station and placed in a holding cell. On October 26, 1988, Rivera was arraigned in Boston Municipal Court and was charged with possession of cocaine. She was tried on March 7, 1989. At the close of the Commonwealth's evidence, Rivera was found not guilty. Torres was convicted for unlawful possession of cocaine at a separate trial. On April 1, 1991, Rivera filed a complaint in Suffolk County Superior Court against both the City of Boston and Paul Murphy, individually, and in his capacity as a police officer of the City of Boston. The complaint included -4- 4 eight counts: (I) violations of 42 U.S.C. 1983; (II) violations of Mass. Gen. L. ch. 12, 11I; (III) assault and battery; (IV) false arrest; (V) false imprisonment; (VI) malicious prosecution; (VII) intentional infliction of emotional distress; and (VIII) negligence. Defendants removed the case to the United States District Court for the Eastern District of Massachusetts, pursuant to 42 U.S.C. 1441. The City of Boston filed a motion to dismiss the complaint as to itself, which uncontested motion was allowed. Pursuant to Fed. R. Civ. P. 56, the remaining defendant, Officer Murphy, filed a motion for summary judgment. Murphy attached an affidavit to the memorandum in support of this motion, stating in pertinent part: 2. I have been a Boston Police Officer since May 15, 1985; 3. I have received training in Drug Investigations through the Boston Police Academy and various on the job training; 4. I have received the following awards for meritorious police work; the William J. Taylor Award and the Boston Police Department Medal of Honor; 5. I have a bachelor's degree in Marketing from Boston College (Class of 1982); 6. On October 25, 1988 I responded to 680 Tremont Street at the direction of my superiors Lieutenant Cellucci and Sergeant Famolare, as there was a report of drug trafficking taking place at that location; 7. I observed the Plaintiff Emma Rivera involved in what I believed to be a drug -5- 5 transaction based on my observations, training and experience; 8. I arrested Emma Rivera, Roberto Cruz and Jesus Torres on probable cause and without a warrant for possession of a Class "B" substance to wit Cocaine; 9. I formed my probable cause on a reasonable good faith belief under the attendant circumstances. On May 5, 1992, the district court allowed Murphy's motion for summary judgment with respect to counts I-VII after finding that Murphy was entitled to qualified immunity. The court dismissed count VIII for lack of pendent jurisdiction. Rivera filed a timely appeal. There is no genuine dispute over the material facts of this case. The two affidavits that were before the court below, and which are before this court on appeal, are not inconsistent. Rivera contends that Torres never came within ten feet of her on the night when she was arrested. Officer Murphy contends that he saw Rivera engaged in what he thought was a drug transaction based on his "observations, training and experience." Officer Murphy's affidavit does not deny any of the factual allegations of Rivera. He says nothing whatsoever about what facts led him to believe that Rivera was involved in a drug transaction. As far as his affidavit is concerned, he arrested Rivera simply because, for a few seconds, she was at a distance of ten feet from Torres. Officer Murphy's statement is not at variance with that of -6- 6 Rivera. Rivera does not, because she cannot, rebut the subjective and conclusory assertion of Murphy. At issue on appeal is the legal conclusion asserted by Officer Murphy in his affidavit and relied upon by the court below. That is, taking the facts as asserted in Rivera's affidavit as true, summary judgment should have been granted in favor of Officer Murphy only if a reasonable police officer could have believed he had probable cause to arrest Rivera which would have cloaked him with qualified immunity. We must therefore determine whether Officer Murphy's stated cause for arresting Rivera entitles him to the protection of qualified immunity. III III Qualified Immunity Qualified Immunity __________________ The Supreme Court announced the general rule of qualified immunity in Harlow, when it stated that "government ______ officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818. See also Hunter v. Bryant, ___ ____ ______ ______ 112 S. Ct. 534, 536 (1991) (per curiam); Anderson, 483 U.S. ________ at 641. Officer Murphy is entitled to immunity if a reasonable officer could have believed that probable cause -7- 7 existed to arrest Rivera. Hunter, 112 S. Ct. at 537. This ______ is not a stringent test. Indeed, "[t]he qualified immunity standard `gives ample room for mistaken judgments' by protecting `all but the plainly incompetent or those who knowingly violate the law.'" Hunter, 112 S. Ct. at 537 ______ (quoting Malley, 475 U.S. at 343, 341).1 The officers are ______ therefore entitled to qualified immunity "so long as the presence of probable cause is at least arguable." Ricci v. _____ Urso, No. 91-2067, slip op. at 5 (1st Cir. August 31, 1992); ____ Prokey, 942 F.2d 67, 72 (1st Cir. 1991); Floyd v. Farrell, ______ _____ _______ 765 F.2d 1, 5 (1st Cir. 1985). Under the Fourth Amendment,2 the right to be free from unreasonable seizures of the person gives rise to a requirement that arrests be supported by probable cause. See, e.g., Beck v. Ohio, 379 U.S. 89, 91 (1964). As the ___ ____ ____ ____ Court explained in Wong Sun v. United States, 371 U.S. 471 ________ _____________ (1963): ____________________ 1 The law provides immunity for such reasonable errors because "officials should not err always on the side of caution" out of a fear of civil suit. Davis v. Scherer, 468 _____ _______ U.S. 183, 196 (1984). 2 The Fourth Amendment provides that: [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. Const. amend. IV. -8- 8 It is basic that an arrest with or without a warrant must stand upon firmer ground than mere suspicion . . . , though the arresting officer need not have in hand evidence which would suffice to convict. The quantum of information which constitutes probable cause evidence which would "warrant a man of reasonable caution in the belief" that a felony has been committed . . . must be measured by the facts of the particular case. Id. at 479 (citations omitted). The probable cause test is ___ an objective one, for, as the Supreme Court noted in Beck, ____ "[i]f subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be `secure in their persons, houses, papers and effects,' only in the discretion of the police." Beck, 379 ____ U.S. at 97. Therefore, we have stated that probable cause exists when "`the facts and circumstances within [the police officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [defendant] had committed or was committing an offense.'" United States v. Figueroa, 818 _____________ ________ F.2d 1020, 1023 (1st Cir. 1987) (quoting Beck, 379 U.S. at 91 ____ (1964)). Finally, in reviewing any determination regarding the sufficiency of cause to effect an arrest we must "consider the totality of circumstances to evaluate the government's demonstration of sufficient `[p]robability . . . of criminal activity.'" United States v. Maguire, 918 F.2d _____________ _______ 254, 258 (1st Cir. 1990) (quoting Illinois v. Gates, 462 U.S. ________ _____ 213, 235 (1983)). Officer Murphy's affidavit sets -9- 9 forth no facts to support his legal conclusion that he had probable cause to effect the arrest of Rivera. Stripped to its bare essentials, Murphy's affidavit states that he saw what he saw, so he did what he did. Nowhere does Murphy state precisely what it was that he saw. His observations were recorded as just that: "observations". The affidavit simply makes the bald assertion that based on his "observations, training and experience," he had probable cause to make the arrest. In order to have probable cause for a Terry stop (a _____ minimal intrusion relative to arrest), a police officer must have "specific and articulable facts which, taken together with rational inferences from those facts," could create a reasonable suspicion sufficient to justify a brief detention of an individual. Terry v. Ohio, 392 U.S. 1, 21, 27 (1968). _____ ____ Here, Officer Murphy recounts no such "specific and articulable facts." If he could not have met the standard for such a brief investigatory detention of Rivera, he certainly does not meet the requirements for a full-blown arrest. Absent any specific and articulable observations, it cannot be said that it was even arguable as to whether Murphy had probable cause to make a warrantless arrest. The experience and training of a police officer are, of course, factors to be considered in the determination of probable cause, but, the "relevance [of such experience -10- 10 and training] in a particular case must be sufficiently conveyed so that . . . it `can be understood by the average reasonably prudent person.'" Wayne R. LaFave, 1 Search and Seizure 575 (2d ed. 1987) (quoting United States v. Chadwick, _____________ ________ 393 F. Supp. 763, 769 (D. Mass. 1975), aff'd, 532 F.2d 773 _____ (1st Cir. 1976), aff'd, 433 U.S. 1 (1977)). See, e.g., Brown _____ ___ _ _ _____ v. Texas, 443 U.S. 47, 51-52 & n. 2 (1979); United States v. _____ _____________ Brignoni-Ponce, 422 U.S. 873, 884-86 (1975); see also ______________ ___ ____ Maguire, 918 F.2d at 258. Were we to affirm the district _______ court's ruling below, we would give license to police officers to make unwarranted arrests, and retain qualified immunity from civil suits so long as they asserted that they thought they had probable cause to make the arrest based on their "observations, training and experience." Creating such a talisman would effectively transform the police officer into a judge, and the court into a rubber stamp. Officer Murphy should not have been granted qualified immunity by the court below because there are no facts alleged in Murphy's affidavit showing, or tending to show, that he had probable cause to arrest Rivera. IV IV Pendent State Law Claims Pendent State Law Claims ________________________ Upon granting summary judgment in favor of Officer Murphy on the basis of qualified immunity, the district court -11- 11 granted summary judgment on the state law claims asserted in Counts II-VII of Rivera's complaint, and dismissed Count VIII (negligence). Because we hold that Murphy was not entitled to qualified immunity and that summary judgment on Count I should not, therefore, have been granted in his favor, we also hold that the court erred in granting summary judgment on Rivera's pendent state law claims. Even had the court been correct in its grant of summary judgment on the 1983 claim, it would not have been proper to grant summary judgment on the pendent state law claims. Rather, in this case, the court should have dismissed the pendent claims over which the court no longer had jurisdiction, thereby allowing the plaintiff to pursue the action in state court where it was first brought. As the Supreme Court stated in Carnegie-Mellon Univ. v. Cohill, 484 _____________________ ______ U.S. 343 (1987): Under Gibbs, a federal court should consider and _____ weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors _______________________________________ indicates that a case properly belongs in state ___________________________________________________ court, as when the federal-law claims have dropped ___________________________________________________ out of the lawsuit in its early stages and only ___________________________________________________ state-law claims remain, the federal court should ___________________________________________________ decline the exercise of jurisdiction by dismissing ___________________________________________________ the case without prejudice. __________________________ Id. at 350 (emphasis supplied) (footnote omitted). See also ___ ___ ____ Cullen v. Mattaliano, 690 F. Supp. 93 (D. Mass. 1988) ("it is ______ __________ -12- 12 the settled rule in this Circuit that in a non-diversity case, where pendent state claims are joined with a federal cause of action and that federal cause of action is the subject of a successful summary judgment motion, the pendent state claims should be dismissed."). Id. at 99. ___ The court had federal question jurisdiction to hear the 1983 claim and therefore had jurisdiction to hear pendent state law claims which "derive[d] from a common nucleus of operative fact" and were "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of America v. Gibbs, _________________________________ _____ 383 U.S. 715, 725 (1966); see also Carnegie-Mellon Univ. v. ___ ____ _____________________ Cohill, 484 U.S. 343 (1988). ______ V V The judgment of the district court is reversed and the case is remanded. -13- 13