**Stephen DeCOSTA, et al.,**
**Plaintiffs, Appellants,**

*v.*

**Pauline CHABOT, et al., Defendants,**
**Appellees.**

**No. 94–2131.**

United States Court of Appeals,
First Circuit.

Heard June 5, 1995.

Decided July 11, 1995.

Thomas N. O'Connor, Boston, MA, with whom George P. Dickson and Dickson & Associates, P.C., Milford, NH, were on brief, for appellants.

Ann Fitzpatrick Larney, Asst. Atty. Gen., with whom Jeffrey R. Howard, Atty. Gen., Concord, NH, was on brief, for appellees.

Before BOUDIN, Circuit Judge, CAMPBELL, Senior Circuit Judge, and SCHWARZER,* Senior District Judge.

PER CURIAM.

Stephen and Joann DeCosta filed suit under 42 U.S.C. § 1983 against various state and local officials claiming an unconstitutional interference with their family affairs caused by an allegedly unfounded child abuse investigation primarily conducted by the state authorities. After dismissing the claims against three defendants, the district court granted summary judgment for all remaining defendants, concluding that the plaintiffs had not asserted a constitutional deprivation and, in any event, that defendants' actions were protected by qualified or absolute immunity.

On appeal, the plaintiffs have abandoned most of the claims and theories they pressed below. The central issue remaining is whether the district court properly granted summary judgment for those who directed or assisted in the state's inquiry, most importantly Pauline Chabot, the social worker who headed the DeCosta investigation for the New Hampshire Division for Children and Youth Services ("the division"). Although the DeCostas do not purport to limit their appeal to particular defendants, they have chosen not to brief other issues (e.g., improper searches, liability of supervisors) necessary to impose liability on various other defendants.

The district judge has written a thorough opinion on the legal issues, and in view of our disposition, there is no need to discuss the facts at length. The gist of the DeCostas' case is that Chabot initiated and pursued an investigation of the DeCostas based solely on their liberal but permissible use of corporal punishment in the rearing of their children and that she pursued the case even after the evidence allegedly showed that there was no substance to the charge of abuse. As their constitutional violation, the DeCostas contend that Chabot's actions deprived them of a federal liberty interest in family integrity and a state-created liberty interest to be free from unwarranted governmental interference in family matters.

This court has held that there is no "constitutional right to be free from child abuse investigations." *Watterson v. Page*, 987 F.2d 1, 8 (1st Cir.1993). And the DeCostas' alternative attempt to base a federal constitutional claim on a *state*-created liberty interest, see *Hewitt v. Helms*, 459 U.S. 460, 469, 103 S.Ct. 864, 870, 74 L.Ed.2d 675 (1983), appears to find little support in the New Hampshire statutes they cite. The Child Protection Act primarily safeguards children, not parents, N.H.R.S.A., c. 169–C, and the statute authorizing limited use of corporal punishment is primarily directed to creating a limited defense to legal proceedings. N.H.R.S.A. § 627:6. *See generally Bowser v. Vose*, 968 F.2d 105, 106–09 (1st Cir.1992).

In all events, we have no reason to resolve any abstract legal issues on this appeal. Even if the DeCostas have a constitutional interest against unreasonable state oversight or interference in family matters, it is quite evident from the record that the inquiry conducted by Chabot and others was both permissible and amply protected by qualified immunity. The division received a complaint of child abuse from a seemingly credible source, the children's grandmother. The grandmother lived in an apartment in the DeCostas' house. The grandmother spoke to her doctor, and the doctor reported the matter to the state. The grandmother was interviewed extensively, and provided a detailed account, before the children were brought in for examination and questioning. When questioned, the children's answers provided substantial support for their grandmother's concerns.

Once the children were removed from the home, a prompt judicial hearing was provid-

* Of the Northern District of California, sitting by designation.

ed. Thereafter the case remained continuously under the supervision of the state court. During its supervision, the court ordered the DeCostas and their children to undergo counseling, and when it was satisfied that counseling had been successful, the court gradually returned the children to the home. Ultimately, the court decided its supervision was no longer necessary and closed the case, without any definitive findings on whether abuse had occurred.

What is reasonable in relation to an investigation depends on reasonable belief; and that is as true in a case of suspected child abuse, *e.g., Donald v. Polk County,* 836 F.2d 376, 379–81 (7th Cir.1988), as it is in conventional police decisions involving probable cause, *e.g., Rivera v. Murphy,* 979 F.2d 259, 263 (1st Cir.1992). The reports given to Chabot and others indicated that the children had been severely beaten with belts, sticks and other implements, had been bruised and occasionally bloodied, and that this was a repeated and persistent pattern. Despite the general statements to the contrary by DeCostas' counsel, there is no indication that the investigators thereafter received evidence that persuasively negated these charges.

It is true that on reading the DeCostas' brief, one has the impression that a medical examination of the children disproved the charges of abuse and that the DeCostas were eventually vindicated by the state court. Neither impression is accurate. While only one child still bore the marks of injury at the time of the examination, nothing in the examination disproved the grandmother's story that the children were routinely beaten for trifles with great severity. As for the state court's action, the court returned the children to the DeCosta home only after counseling over a substantial period had proved successful; the court did not find that no abuse had occurred.

This is not a close case. Although the matter was decided on summary judgment, the facts as to what the investigators were told by the grandmother and the children are apparently not in dispute, and our conclusion that those facts provided ample cause for investigation is a matter of legal characterization. The DeCostas' opening brief—not signed by counsel who argued the appeal—is open to criticism for presenting a picture of the evidence given the investigators and of what happened in the state court proceedings that appears to us to be materially incomplete.

*Affirmed.*