No. 96-1025

Ronald Marriott,                      *
                                      *
          Appellant,                  *
                                      *
     v.                               *
                                      *
Randy Strong; City of                 *   Appeal from the United States
Maryville, MO, a municipal            *   District Court for the
corporation; State of                 *   Western District of Missouri
Missouri, Division of Family          *
Services; Jody Starr; Life            *        [UNPUBLISHED]
Long Learning Center, Inc.;           *
Ada Silvy; Brenda McCoy,              *
                                      *
          Appellees.                  *


                            _____

          Submitted:  November 7, 1996

              Filed:  November 25, 1996
                            _____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
                            _____


PER CURIAM.

     Ronald Marriott appeals from the final judgment of the District
Court[1] for the Western District of Missouri granting defendants summary
judgment in this 42 U.S.C. § 1983 action.  For the reasons discussed below,
we affirm.

     On January 21, 1992, Missouri Division of Family Services employee
Jody Starr received a hotline call stating Marriott's four-year-old
daughter showed signs of behavior typical of a child who had been sexually
abused, and the suspects included Marriott.

_____

     [1]The Honorable Joseph E. Stevens, Jr., United States District
Judge for the Western District of Missouri.

Starr called police officer Randy Strong for assistance in investigating the allegation. Starr and Strong interviewed Marriott's daughter and wife. Strong also spoke with four caseworkers who had observed the daughter's behavior at a women's shelter. On January 24, Starr told Strong that the Marriotts had left their home on the night of January 21 after their interviews. On January 27, Strong learned that the Marriott car was back at the house and someone was removing items as if preparing to leave. Strong contacted the prosecuting attorney, who told Strong to have the Marriotts brought in on a twenty-hour investigatory hold. Marriott was taken to the county jail and later posted bond; he was never charged. In the course of subsequent divorce proceedings, the state court made a finding that Marriott had sexually abused his daughter.

Marriott filed the instant section 1983 action against, inter alia, Starr and Strong, claiming that Strong wrongly arrested him and falsely imprisoned him, and that Strong and Starr filed false reports against him which interfered with his relationship with his child. Marriott moved for summary judgment, and attached documentation, including a deposition from a psychology professor who had reviewed the transcript of the daughter's interview and criticized the interview techniques Starr and Strong had used.

The district court concluded that Strong was entitled to qualified immunity on the arrest claim, because he reasonably believed probable cause existed. The district court noted that before arresting Marriott, Strong had sought and relied on advice and guidance from a social worker specializing in children's issues, had observed the daughter, and had obtained advice from the prosecutor. The district court further held that Strong had actual probable cause to arrest Marriott, and thus the subsequent brief detention was not improper. The district court also concluded that Marriott's allegations that Strong and Starr interfered with his relationship with his daughter did not

implicate a constitutional right.  The district court concluded Strong and Starr were each entitled to qualified immunity.

We agree with the district court that it was objectively reasonable for Strong to believe he had probable cause to arrest Marriott, and that he was thus entitled to qualified immunity.  See Hunter v. Bryant, 502 U.S. 224, 227 (1991) (qualified immunity supported if reasonable officer could have believed probable cause existed); Gorra v. Hanson, 880 F.2d 95, 97 (8th Cir. 1989).  We also agree that Marriott did not show the interviews Strong and Starr conducted were so fundamentally flawed that it was objectively unreasonable to believe that the resulting information, taken together with the other information Strong possessed, gave Strong probable cause to detain Marriott.  We further agree that  Marriott's arrest was supported by probable cause under Missouri law, see Mo. Rev. Stat. § 544.216 (1994), and thus no false imprisonment claim lies.

To the extent Marriott raises a separate due process argument, "an imperfect investigation without more does not deprive the investigators of qualified immunity."  Myers v. Morris, 810 F.2d 1437, 1460 (8th Cir.), cert. denied, 484 U.S. 828 (1987).  We conclude that the interviews were not so outrageous as to offend the substantive component of the Due Process Clause.  See Manzano v. South Dakota Dep't of Soc. Servs., 60 F.3d 505, 513 (8th Cir. 1995).  Further, the interview did not result in any other deprivation of Marriott's constitutional rights.  See DeCosta v. Chabot, 59 F.3d 279, 280 (1st Cir. 1995) (per curiam) (no constitutional right to be free from child-abuse investigation).  Thus, we conclude the district court correctly granted Starr and Strong summary judgment on the basis of qualified immunity.

Accordingly, we affirm the judgment of the district court.

-3-

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.