**R. Allen ALVES, Plaintiff,**

v.

**AMERICAN MEDICAL RESPONSE OF MASSACHUSETTS, INC., Defendant.**

**No. Civ.A. 98–12417–REK.**

United States District Court, D. Massachusetts.

Dec. 1, 1999.

Charles J. Brucato, Jr., Consigli, Brucato and Villani, P.C., Milford, MA, for R. Allen Alves, plaintiff.

Robert M. Gault, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, James M. Penney, Joseph J. Centeno, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, Anna B. Boyer, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, for American Medical Response of Massachusetts, Inc., defendant.

### Opinion

KEETON, District Judge.

### I.

Before the court is the Motion of Defendant American Medical Response of Massachusetts, Inc. ("AMR of Massachusetts") for Summary Judgment, with attached Memorandum in Support (Docket No. 18, filed October 15, 1999), to which are attached documents concerning the disposition of plaintiff's complaint before the Massachusetts Commission Against Discrimination ("MCAD") (Exh. A), a copy of the complaint originally filed in Middlesex County Superior Court (Exh. B), an affidavit (Exh. C), and excerpts of the transcript of deposition testimony of the plaintiff (Exh. D).

Plaintiff filed an Opposition (Docket No. 20, filed October 29, 1999), with a Memorandum in Support (Docket No. 21, filed October 29, 1999), to which are attached excerpts of the transcript of deposition testimony of the plaintiff, documents concerning the investigation of plaintiff's complaint before MCAD (Exh. B), a copy of plaintiff's complaint originally filed in Middlesex County Superior Court (Exh. C), a document from the Worcester County Superior Court concerning the disposition of a prior claim by plaintiff against defendant AMR of Massachusetts and two non-parties (Exh. D), as well as other documents (Exh. A, E, F).

### II.

Plaintiff is fifty-four years old and worked in the ambulance industry continuously from 1978 through 1996, most recently as a sales account executive for defendant AMR of Massachusetts. This civil action arises from the circumstances of his termination from that employment on November 22, 1996.

### III.

Summary judgment should be granted only if the court, viewing the evidence in the light most favorable to the non-moving party, determines that no genuine dispute of material fact exists and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant satisfies this burden, then the nonmovant must "demonstrate, through specific facts, that a

trialworthy issue remains." *Cadle Co. v. Hayes,* 116 F.3d 957, 960 (1st Cir.1997).

Issues of fact are in "genuine" dispute if they "may reasonably be resolved in favor of either party." *Id.* Facts are "material" if they possess "the capacity to sway the outcome of the litigation under the applicable law." *Id.* The facts in genuine dispute must be significantly probative in order for summary judgment to be denied; "conclusory allegations, improbable inferences, and unsupported speculation will not suffice." *Id.*

I will consider first the facts supporting a claim arising under the federal Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* If plaintiff has not demonstrated the existence of genuine dispute concerning facts material to the disposition of his claim under ADEA and I determine that defendant is entitled to judgment as a matter of law, this court is without jurisdiction to hear the remaining state-law claims (or, alternatively, has jurisdiction but should abstain from exercising its jurisdiction).

 In its recent decision in *Thomas v. Eastman Kodak Co.,* 183 F.3d 38 (1st Cir. 1999), the Court of Appeals restated the "burden-shifting framework," *Mulero–Rodriguez v. Ponte,* 98 F.3d 670, 673 (1st Cir.1996), first described in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), further developed in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and applicable in cases involving claims of employment discrimination under Title VII as well as ADEA:

> First, the plaintiff must establish a prima facie case that plaintiff (1) was within a protected class; (2) met the employer's legitimate performance expectations; (3) was adversely affected; and (4) was replaced by another with similar skills and qualifications. Once plaintiff does so, the burden shifts to the employer to produce a valid and nondiscriminatory reason for the dismissal. In the final stage, the burden shifts back to the plaintiff to show that the employer's stated reason for plaintiff's dismissal was false and but a pretext for discrimination.

*Thomas,* 183 F.3d at 56 (*quoting Mulero–Rodriguez,* 98 F.3d at 673) (internal punctuation omitted). In cases where termination was part of a larger reduction in labor force, a plaintiff need not show replacement by another with similar skills and qualifications. Plaintiff may satisfy prong (4) of the *prima facie* case, instead, by "demonstrat[ing] either that 'the employer did not treat age neutrally or that younger persons were retained in the same position.'" *LeBlanc v. Great American Ins. Co.,* 6 F.3d 836, 842 (1st Cir.1993) (*quoting Hebert v. Mohawk Rubber Co.,* 872 F.2d 1104, 1111 (1st Cir.1989)); *Woodman v. Haemonetics Corp.,* 51 F.3d 1087, 1091 (1st Cir.1995).

Plaintiff has proffered evidence sufficient to support findings in plaintiff's favor on the first three elements of the *prima facie* case, but plaintiff's evidence in support of the fourth element is more problematic. Plaintiff alleges in his memorandum in opposition that of the three "sales executives" in Massachusetts, defendant retained the two youngest, who were not in a protected class, and terminated plaintiff. Plaintiff further alleges that the "regional director" assumed plaintiff's duties after his termination; plaintiff claims that the other region of Massachusetts was left with two "regional directors" and two "account executives." Plaintiff does not offer admissible evidence in support of these statements.

Defendant alleges that, in light of reduced business demand, it was forced to reduce its workforce in the Northeast Region as a whole (which region includes Massachusetts). Defendant argues further that, in the process of determining which employees would be laid off, AMR decided that an account executive would be laid off in any territory that contained two

account executives. Defendant alleges that the territory in which plaintiff worked, central Massachusetts, was the only territory in the Northeast Region that contained two account executives. Defendant alleges that it chose to terminate plaintiff and retain Ms. Lynn Alexandrowicz, a senior account executive, because Alexandrowicz had seniority. Defendant proffers the affidavit of David Banelli, AMR's regional director of human resources for the Northeast Region, as evidence in support of these statements.

■ In order to demonstrate statistically that AMR did not treat age neutrally, plaintiff must demonstrate that when the group of terminated employees is compared with the pool of employees from which the terminated employees were drawn, the comparison shows "significant discrepancy in the incidence of protected status." *Shenker v. Lockheed Sanders, Inc.*, 919 F.Supp. 55, 59 (D.Mass.1996). Plaintiff argues that the relevant pools for statistical purposes are (1) the group of all terminated sales executives in Massachusetts and (2) the pool of all sales executives in Massachusetts. Plaintiff alleges that the first group is comprised wholly of members of the protected class (plaintiff alone). Plaintiff alleges that the latter pool is comprised of himself and two sales executives who were not members of the protected class. Plaintiff does not offer admissible evidence in support of his statistical claims.

Defendant argues that the relevant pools are (1) the group of all terminated employees in the Corporate Development Department in AMR Northeast and (2) the pool of all employees in the Corporate Development Department in AMR Northeast. Defendant maintains that because the decision was made by AMR to lay off personnel on a Region-wide level and was not made on a state-by-state basis, the Northeast Region is the relevant pool. Defendant proffers evidence to show that the pool of terminated employees comprised four employees who were over forty years of age and three employees who were under forty years of age, and that the pool of all employees in the Corporate Development Department in AMR Northeast comprised twelve employees over the age of forty and eleven employees under the age of forty. Affidavit of Mr. David Banelli at 2.

Plaintiff argues that because AMR of Massachusetts, Inc. is the named defendant, Massachusetts is necessarily the relevant pool. Plaintiff does not provide any arguments in favor of a pool comprised only of sales executives, excluding other administrative employees in the Corporate Development Department.

The First Circuit, in precedents binding on this court and cited above, has described two alternative means of proving, as an initial matter, discrimination on the part of an employer. One method of proof focuses narrowly on the termination of the plaintiff and replacement by a younger employee. The other method of proof portrays a pattern of termination by an employer that disfavors older workers; the plaintiff's termination becomes merely an instance of this widespread practice. Here, plaintiff proposes to select a "statistical" group in which he is the only member. The pools plaintiff proposes do not have significant meaning for statistical purposes. *Cf. LeBlanc*, 6 F.3d at 844 ("We also question whether a company can be said not to treat age neutrally as a matter of law merely because two of the three people it discharges pursuant to a reduction in force belong to the protected class. A sample of three is a small number from which to draw deductions of this sort."). Defendant's argument persuades me that the relevant pools should be determined at the level at which decisionmaking was done, the Corporate Development Department of AMR Northeast. Plaintiff has not proffered evidence to support a finding that defendant did not treat age neutrally on a general basis.

Alternatively, plaintiff may demonstrate that he was terminated and that a younger

employee was retained in the same position. Although plaintiff argues that two account executives were retained while he was terminated, these other account executives did not serve in plaintiff's territory, central Massachusetts. *See LeBlanc,* 6 F.3d at 844 ("We are not convinced that the AOR positions held by the thirty other AORs elsewhere in the region may properly be considered the 'same' position [plaintiff] held."). Ms. Alexandrowicz, although working in the same territory, held a different position, senior account executive. It is not clear, therefore, that plaintiff has met his burden of demonstrating the fourth prong of the *prima facie* case under *McDonnell Douglas* and its progeny.

■ Assuming, *arguendo,* that plaintiff has fulfilled his burden of providing sufficient evidence to make out a *prima facie* case of employment discrimination on the basis of age, the burden shifts to defendant AMR to provide a legitimate, nondiscriminatory justification for plaintiff's termination. Here, defendant has proffered evidence to show that it was experiencing economic difficulties in the Northeast Region, that it decided to reduce its labor force throughout the region, that plaintiff's termination was done in accordance with these decisions, and that the decision to terminate plaintiff and retain Ms. Alexandrowicz was made as a consequence of Ms. Alexandrowicz's greater seniority.

Since defendant has proffered sufficient evidence to rebut the presumption of discrimination, the burden shifts back to plaintiff to produce evidence sufficient for a reasonable jury to find that defendant's proffered justification is pretext and that AMR's real motive was discriminatory. Plaintiff has proffered some evidence concerning an unrelated, previous civil action brought by plaintiff against defendant for unpaid bonuses. Plaintiff has not proffered evidence sufficient to support a finding that defendant's stated justification was pretext and that plaintiff was terminated as the result of age discrimination.

In these circumstances, plaintiff's claim under the federal Age Discrimination in Employment Act fails as a matter of law for lack of supportive evidence sufficient to raise a genuine dispute of material fact. It will be dismissed.

## IV.

This court's dismissal of plaintiff's claim under the federal Age Discrimination in Employment Act leaves no matter pending before the court for decision other than state statutory and common law claims.

The Supreme Court has observed that no explicit statutory authority exists to remand pendent state-law claims following dismissal of all federal claims from a removed civil action, but the Court has held that a district court, in such circumstances, has discretion to make a decision to remand to state court after weighing, alongside interests in exercising jurisdiction, interests of economy, convenience, fairness, and comity. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). *See also Rivera v. Murphy,* 979 F.2d 259, 264 (1st Cir.1992) ("[I]n this case, the court should have dismissed the pendent claims over which the court no longer had jurisdiction, thereby allowing the plaintiff to pursue the action in state court where it was first brought.").

■ In this case, among the factors bearing on the exercise of discretion with respect to remand is that trial of the state law claim under M.G.L. c. 12, § 11, as well as the common law tort claims, is very likely to involve application of potentially disputable issues of state law. Concerns regarding comity weigh heavily in favor of having these issues presented to the state court of last resort through state proceedings, rather than having federal courts predict their final resolution or certify questions to the state court. Even if this court could reach the case for trial before the state trial court, the final disposition might be delayed as long or longer than if the case is remanded.

Taking into account the factors described in *Cohill,* and after determining that the balance favors remand in this instance, I conclude that it would be inappropriate to retain jurisdiction over this case now. I will order that it be remanded to the state court where it was filed.

### ORDER

For the foregoing reasons, it is hereby ORDERED:

(a) Defendant's Motion for Summary Judgment (Docket No. 18) is ALLOWED as to that part of Count I that alleges a violation of the federal Age Discrimination in Employment Act;

(b) Defendant's Motion for Summary Judgment as to that part of Count I that alleges a violation of state law and as to Counts II and III is left to decision in the court to which this case is remanded;

(c) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

For the reasons stated in the Opinion of this date, it is hereby ORDERED:

This court (1) dismisses the claim before this court over which it has had jurisdiction by reason of the private enforcement provision of the Age Discrimination in Employment Act, 29 U.S.C. § 626(c), (2) determines that all remaining claims in this civil action are state law claims, and (3) orders remand of all remaining claims in this civil action to the state court from which this case was removed.

(d) The Clerk of this court is directed to deliver forthwith, to the Clerk of the court to which the state law claims are remanded, a certified copy of the record in this case.

### Final Judgment

For the reasons stated in the Opinion of this date, it is hereby ORDERED:

This court (1) dismisses the claim before this court over which it has had jurisdiction by reason of the private enforcement provision of the Age Discrimination in Employment Act, 29 U.S.C. § 626(c), (2) determines that all remaining claims in this civil action are state law claims, and (3) orders remand of all remaining claims in this civil action to the state court from which this case was removed.