BOUDIN, Chief Judge,
concurring in the judgment.
Perhaps under the existing case law, Flowers’ detention can be classified as a Terry stop rather than an arrest, even though it involved handcuffs and more than a brief encounter and must have been a scary experience, unmitigated even by an apology. United States v. Acosta-Colon, 157 F.3d 9, 18-19 (1st Cir.1998). If so (and the premise is not wholly secure), the officer did not need probable cause — only a “reasonable and articulable suspicion” of criminal activity on the part of this plaintiff. United States v. McCarthy, 77 F.3d 522, 529 (1st Cir.1996).
The original tip was not completely anonymous (and this avoids the special problem posed in Florida v. J.L., 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000)), and some detail (vague motive, loose description) was furnished by the man who summoned the police. But the tip — advising that two black men were coming to cause trouble — was second-hand and somewhat disjointed. Thereafter, two black men in a black or gray car allegedly drove by the house, but they had not stopped, so this fact was of pretty limited value as corroboration of the original tip.
Even if the original tip and drive-by justified suspicion, the question remains whether they justified suspicion of Flowers. The informant claimed to have sighted two black men in a black or gray car. Gray cars are not uncommon; and the one stopped contained one black man — of middle age — rather than the two predicted, both of whom would likely have been younger if the story were true and they were the culprits. Also the car was stopped 20 to 30 minutes after the one allegedly driven by the house, further reducing the like *36 lihood that Flowers had anything to do with a prospective crime.
In addition, as the panel opinion shows, there is no clear indication that the plaintiff was driving to the informant’s house at the time he was stopped. Seemingly the better inference from the facts recounted is that the plaintiff had driven past the turn-off, and inferences at this stage must be drawn in the plaintiffs favor, Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir.1999). This does not prove that the plaintiff was uninvolved, but it deprives the officer of a piece of evidence in favor of the stop and further undercuts reasonable suspicion.
The Terry stop eases are generally helpful to the police, stressing the ability of an experienced officer to draw inferences and to base reasonable suspicion on an assemblage of small points. See Ornelas v. United States, 517 U.S. 690, 699-700, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); United States v. Sokolow, 490 U.S. 1, 9-10, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). Still, not every articulable suspicion is reasonable. For example, in Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir.1992), this court held that police lacked reasonable suspicion to stop a driver who was double parked not far from a pedestrian in a drug-trafficking location.
In this instance, the link between the tip (itself somewhat dubious) and the plaintiff seems to me too thin to support a reasonable suspicion of this plaintiff. There were discrepancies as to timing, the number of persons expected, and (inferentially) age; and there was little basis for supposing that the plaintiffs car, traveling on an open highway, was headed to the informant’s house. Nor is there anything here to suggest that a black man driving a gray car on an open highway is a remarkably rare event. The stop may be close to a line that is difficult to draw, but in my view it falls on the wrong side.
There remains no basis for personal liability on the part of the officer under section 1983 (nor, absent a policy or practice, is there municipal liability). City of Canton v. Harris, 489 U.S. 378, 388-89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Monell v. Dep’t of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Even if a “constitutional” mistake, this one is surely covered by qualified immunity which gives the police latitude to make mistakes on close calls without paying damages. Goyco de Maldonado v. Rivera, 849 F.2d 683, 688 (1st Cir.1988). Nevertheless, a determination that reasonable suspicion was lacking would be a judgment well worth recording for future guidance of the police. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).