Rafael VIDAL, Plaintiff

v.

**RAMALLO BROS. PRINTING, INC., et al., Defendants.**

**Civil No. 04–1959 (JAG).**

United States District Court, D. Puerto Rico.

Aug. 2, 2005.

Carlos M. Vergne–Vargas, Carlos M. Vergne Law Office, San Juan, PR, Juan R. Gonzalez–Munoz, Vanesa Vicens, Gonzalez Munoz Law Office, San Juan, PR, for Plaintiffs.

John F. Nevares, John F. Nevares & Assoc. PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On September 13th, 2004, Plaintiff Rafael Vidal ("Vidal") filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-3; §§ 1981a and 1988; as well as supplemental state-law claims, against Ramallo Brothers Printing, Inc. ("Ramallo Printing"), Angel Ramallo ("Ramallo"), his wife Maria Yllanes, and the conjugal partnership constituted between them (Docket No. 1). Vidal alleges that Ramallo Printing fired him in retaliation for engaging in a protected activity and/or opposing an unlawful practice. On December 07, 2004, Ramallo Printing moved to dismiss Vidal's claims. (Docket No. 4). On January 12, 2005, Vidal opposed the motion (Docket No. 11). For the reasons discussed below, this Court **GRANTS** Ramallo's motion to dismiss.

## FACTUAL BACKGROUND

Vidal worked for Ramallo Printing as Human Resources Director and alleges that he performed his duties in a satisfactory manner. On July 22, 2003, Vidal informed Ramallo, President of Ramallo Printing, and Pedro Joffre ("Joffre"), Vice–President of Ramallo Printing, that in accordance with his duties, he was initiating an investigation concerning complaints of sexual harassment against them.

Vidal alleges that Ramallo and Joffre denied the allegations of sexual harassment, and that, contrary to the company's policies and to applicable law, they told Vidal that they would resolve the matter themselves and not to initiate an investigation. Vidal's employment was terminated that afternoon, allegedly in retaliation for the meeting and actions of that afternoon which he claims constitutes engaging in a protected activity and/or opposing his employers' illegal acts.

## DISCUSSION

A. *Motion to Dismiss Standard*

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it

appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

**B.** *Title VII Retaliation Claim*

█ Title VII aims to prevent, *inter alia,* any sex-based discrimination in the workplace, and forbids adverse employment action in retaliation for the assertion of these rights. 42 U.S.C. §§ 2000e–2000e3. Title VII claims usually arise when an employee reacts to discrimination directed at himself. To successfully bring a Title VII retaliation claim, an employee must establish that 1) he engaged in protected conduct under Title VII; 2) he suffered an adverse employment action; and 3) the adverse action is causally connected to the protected activity. 42 U.S.C.A. § 2000e3(a). In the context of sexual harassment claims, "protected conduct" includes filing complaints with the Equal Employment Opportunity Commission ("EEOC"), and complaining to the appropriate supervisor about sexual harassment. *Johnson v. Booker T. Washington Broadcasting Service, Inc.,* 234 F.3d 501 (11th Cir.2000).

█ In cases where it is a third party who is attempting to help the alleged victim of discrimination assert her rights, "protected activity" is limited to activity that is adverse to the company, or outside the employee's normal employment role; this would include the filing of a complaint, but not reporting suspected discrimination to a supervisor. *See Claudio–Gotay v. Becton Dickinson Caribe, Ltd.,* 375 F.3d 99, 102 (1st Cir.2004); *McKenzie v. Renberg's Inc.,* 94 F.3d 1478, 1486 (10th Cir. 1996); *EEOC v. HBE Corp.* 135 F.3d 543 (8th Cir.1998).

In *Claudio–Gotay,* for example, the plaintiff reported that security guards were not being paid for overtime work as required by the Fair Standards and Labor Act ("FLSA"), which uses the same test for retaliation as Title VII claims. Because the plaintiff made this report to his superiors as part of his job responsibilities and so as to protect the company from liability, the Court found that he had not engaged in a protected activity, which requires "the employee [to] step outside his or her role of representing the company and . . . file . . . an action adverse to the employer" *Claudio–Gotay,* 375 F.3d at 102 (*quoting McKenzie,* 94 F.3d at 1486).

█ In this case, Vidal was working in his capacity as a Human Resources Director, for the benefit of the company, and in accordance with its policies forbidding sexual harassment, when he notified Ramallo and Joffre of the claims against them and of his intention to start an investigation on the matter. Vidal's actions were not adverse to the company, and were part of his job responsibilities; thus, these actions neither constitute a protected activity as defined by Title VII nor amount to opposing an illegal practice on his employer's part. As a matter of law, then, Vidal has not stated a claim for which relief can be granted under Title VII. Accordingly, his claims must be dismissed.[1]

---

1. Ramallo Printing's arguments regarding Vidal's inability to meet its burden of proof is inappropriate at this time. The question is not one of credibility but whether Vidal has a

### C. State Law Claims

Since no federal claims to ground jurisdiction remain in this case, plaintiff's supplemental state law claims are dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss. Plaintiff's Title VII retaliation claims are hereby dismissed **with prejudice.** State law claims against them are dismissed **without prejudice.** Judgment shall enter accordingly.

IT IS SO ORDERED.

viable claim as a matter of law. Because his activity was not protected as is required by Title VII in order to bring a claim of retalia-

tion, Vidal does not have a claim as a matter of law.